IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANTHONY GOUVEIA                                                                                    PLAINTIFF

v.                                                                                          No. 2:08CV23-M-B

CORRECTIONS CORPORATION
OF AMERICA, ET AL.                                                                            DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION [10] FOR A
TEMPORARY RESTRAINING ORDER OR PRELIMINARY
INJUNCTION FOR WANT OF JURISDICTION,
GRANTING DEFENSE MOTION [7] TO DISMISS PLAINTIFF'S CLAIMS AGAINST
DEFENDANT FRAPPIEA FOR WANT OF PERSONAL JURISDICTION

This matter comes before the court on the plaintiff's motion [10] for a temporary restraining order or preliminary injunction and defendant C. Frappiea's motion [7] to dismiss for want of personal jurisdiction. In his motion, the plaintiff alleges that various prison staff in Arizona retaliated against him for having defendant Frappiea served with process. In defendant Frappiea's motion to dismiss, she argues that she is not sufficiently connected with Mississippi to justify her inclusion in this suit. She and the others mentioned in the plaintiff's motion reside in Arizona, work there, and have no identifiable contacts with Mississippi. In addition, all the actions of which the plaintiff complains occurred in Arizona. As such, this court may not exercise jurisdiction over any of the people the plaintiff identifies in the instant motion. For these reasons, the plaintiff's motion [10] for a temporary restraining order or preliminary injunction shall be dismissed for want of personal jurisdiction over any of the people mentioned in it. Likewise, all of the plaintiff's claims against defendant Frappiea must be dismissed for want of personal jurisdiction.

The party who attempts to invoke the jurisdiction of the Court, bears the burden of establishing a *prima facie* case of personal jurisdiction over each defendant. *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985); *Lofton v. Turbine Design, Inc.*, 100 F. Supp. 2d 404, 407 (N.D. Miss. 2000). "Accordingly, personal jurisdiction over a defendant can be exercised to the same extent that the state court in this forum could. The reach of such jurisdiction is limited by the state's applicable long-arm statute as well as the due process requirements of the Fourteenth Amendment." *Tellus Operating Group, LLC v. R & D Pipe Company*, 377 F. Supp. 2d 604, 606 (S.D. Miss. 2005) (internal citation omitted).

In order for a Mississippi court to exercise personal jurisdiction over a non-resident defendant, the plaintiff must first demonstrate that the defendant falls within one of the three prongs of the Mississippi long-arm statute. *Yatham v. Young*, 912 So. 2d 467 (Miss. 2005). These include the "doing business," "contract," and "tort" prongs of the state's long-arm statute. MISS. CODE ANN. § 13-3-57 (2007). After the plaintiff makes this initial showing he must then show an exercise of personal jurisdiction would be permissible under the Fourteenth Amendment of the United States Constitution. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997), cert. denied, 522 U.S. 1048 (1998). The plaintiff cannot meet either of these requirements.

**Mississippi's Long-Arm Statute**

The Mississippi Long-Arm Statute confers jurisdiction over a nonresident defendant "[i] who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or [ii] who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or [iii] who shall do any business or perform any character of work or service in this state." MISS. CODE ANN. § 13-3-57 (2007). Mississippi's Long-Arm

Statute is not coextensive with federal due process, and an analysis of the scope of the statute is thus required when a defendant challenges the court's exercise of personal jurisdiction. *Allred,*, 177 F.3d at 282.

The plaintiff in this case has not made any allegation putting Ms. Frappiea within the purview of Mississippi's long-arm statute. The plaintiff's sole claim regarding Ms. Frappiea is that she refused to notarize a document for him in Arizona. The contract was not between Ms. Frappiea and the plaintiff, and he does not allege the existence of such a contract.

Despite any duty the plaintiff claims Ms. Frappiea had to notarize documents for him, her refusal to notarize does not bring he under the tort prong of the statute because the plaintiff was in Arizona at the time this occurred. Similarly, the plaintiff has not alleged that Ms. Frappiea conducted business in Mississippi, nor that she does regularly does so. Mississippi's Long-Arm statute therefore does not apply to Ms. Frappiea.

**Due Process.**

Exercising jurisdiction over Frappiea and the others mentioned in the instant motion would violate Fourteenth Amendment Due Process protections. The court must examine several factors in evaluating due process, including: (1) the burden upon the nonresident defendant in defending an action within the jurisdiction; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In analyzing these factors, courts generally consider whether the defendant had sufficient minimum contacts with the forum state. *Id.* In order to satisfy due process, the nonresident's

contacts must be such he could reasonably anticipate being haled into court in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

The contacts with the forum state "must be such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980), quoting *Int'l Shoe Co.*, 326 U.S. at 316). The plaintiff must show that defendant Frappiea and the others "purposefully avail[ed] [themselves] of the privilege of conducting activities within [Mississippi], thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (citation omitted). An exercise of personal jurisdiction, even when a foreign corporate defendant has established sufficient contacts with a forum to meet its long-arm jurisdiction requirements, must also be reasonable in light of the forum's interest in the litigation in question. *Id.* at 113-14 The plaintiff has not shown that Ms. Frappiea or the others conducted any business in Mississippi; entered any contract to be performed in Mississippi; or committed a tort in Mississippi. Similarly, he has not shown that any of the people included in the instant motion had any contacts with Mississippi. Certainly none of them have sufficient contacts to make them anticipate being haled into court in Mississippi. As such, the court declines to exercise personal jurisdiction over defendant Frappiea – or any of the other people working at the Arizona facility in which the plaintiff is housed.

In sum, the instant motion [10] for a temporary restraining order or preliminary injunction is hereby **DISMISSED** for want of personal jurisdiction over anyone mentioned in the motion. Likewise, the motion [7] by the defense to dismiss all of the plaintiff's claims against defendant

C. Frappiea is hereby **GRANTED**; all claims against defendant Frappiea are hereby

**DISMISSED**, and she is therefore **DISMISSED** from this suit.

    **SO ORDERED,** this the 20th day of May, 2008.


                                       **/s/ MICHAEL P. MILLS**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**