# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ANTHONY GOUVEIA,**      **PLAINTIFF**

**VS.**      **NO. 2:08CV23-MPM-DAS**

**CORRECTIONS CORPORATION
OF AMERICA, ET AL.,**      **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court are the plaintiff's unopposed Motion for Emergency Restraining Order/Order to Cease and Desist and Divest [doc. 16] and Defendants Lee Reddix and Gladys Weeks' Motion to Dismiss for Failure to Serve Process [doc. 23]. For the reasons set out below, the plaintiff's motion should be denied and the defendants' motion should be granted.

*Plaintiff's Motion*

In support of the motion, the plaintiff states that after service of the complaint upon Officer C. Frappiea, CCA "rounded up" the plaintiff, his process server, Richard Blaisdell, and the plaintiff's agent, Edmund Abordo, from their housing units and cells and placed them in segregation in retaliation. The plaintiff seeks an order requiring that they be released from segregation and placed back in their original housing units and cells. Additionally, the plaintiff requests that the Court order that CCA "divest" itself from its agents and co-conspirators, Warden T. Thomas, Assistant Warden B. Griego, Asst. Warden J. Bradley, and a host of other prison officials. The plaintiff requests an order directing CCA to either transfer these persons or terminate them. Next, the plaintiff seeks an order "under the 'Continuing Course of Conduct'" requiring that all CCA assets and holdings be frozen and that the U.S. Attorney General intervene to conduct a full civil investigation under 18 U.S.C. § 1968. The plaintiff states that CCA's assets should be frozen to prevent it from liquidating

"holdings of ill-gotten benefits made by its agents." Plaintiff contends that defendants actions show a "pattern of racketeering" and is a "continuing course of conduct" that warrants the freezing of all assets.

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party who seeks a temporary restraining order and/or preliminary injunction must set forth "specific facts shown by affidavit or verified complaint" that show that the moving party will suffer irreparable injury before a hearing on the matter may be held. A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if plaintiff establishes four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause defendants; *and* (4) that the injunction will not disserve the public interest. *Sugar Busters LLC v. Brennan,* 177 F.3d 258, 264 (5th Cir.1999). The requisite showing is "a *substantial* threat of *irreparable* injury if the injunction is not issued." *DSC Commc'ns Corp. v. OGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir.1996) (emphasis added).

First, because the plaintiff has failed to make any showing that he is likely to succeed on the merits of his claims against the named defendants or that there is any danger of irreparable injury, his motion should be denied. Second, with regard to the plaintiff's request that he, his process server, and his agent be released from segregation, by Order [doc. 13] dated May 20, 2008, this Court denied an identical request by the plaintiff on the ground that this Court did not have personal jurisdiction over Arizona prison officials. Therefore, it is my recommendation that the plaintiff's motion for an emergency restraining order be denied.

*Defendants' Motion*

Defendants Lee Reddix and Gladys Weeks seek an order dismissing the plaintiff's claims

against them for failure to serve process. The plaintiff filed his complaint in this matter on February 4, 2008, and on April 9, 2008, the Clerk issued summonses for Weeks and Reddix. These defendants state that they have not been served with process, nor have they waived service of process in this matter. Because the 120 day time period set forth in Rule 4(m) has expired, and the plaintiff has alleged no cause for his failure to serve these defendants, it is recommended that they be dismissed from this lawsuit without prejudice.

## Objections

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 18th day of November, 2008.

/s/ **David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**